FILED-CLERK
U.S. DISTRICT COURT
2013 JUL 25 AM 11: 17
TEXAS-EASTERN
BY____
SEALED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 6:13CR64 |
| | § | MHS/JDL |
| ERNEST GRADY (1), | § | |
| EVELYN WHITAKER (2), | § | |
| GENOVEVE SERVIN (3), | § | |
| MARIA SILVA (4), and | § | |
| MARIA DELROSARIO PADRON | § | |
| a/k/a "CHAYO" (5) | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### General Allegations

At all times relevant to this Information:

1. The United States Department of Agriculture (USDA) Food and Nutrition Service (FNS) administers the Supplemental Nutrition Assistance Program (SNAP), the federal government program formerly known as the Food Stamp Program. SNAP helps qualifying individuals and families buy food. Since April 2004, the Texas Health and Human Services Commission (HHSC) has administered the SNAP program in Texas.

2. Individuals residing in Texas apply for SNAP benefits through a SNAP application form. Once eligibility is determined by the Texas SNAP Eligibility Determination Group, the recipient is then issued an Electronic Benefit Transfer (EBT) card. In Texas, the EBT card is known as the Lone Star card. The recipient's monthly

SNAP benefits are transferred onto their Lone Star card on a certain day of each month for the period of authorization determined by the State. Each Lone Star card has a Personal Identification Number (PIN) associated with it that is used by the SNAP recipient when making a purchase.

**The Defendants and their Co-conspirators**

4. **Ernest Grady** was a resident of Jacksonville, Texas.

5. **Evelyn Whitaker** was a resident of Jacksonville, Texas.

6. **Genoveve Servin** was a resident of Jacksonville, Texas.

7. **Maria Silva** was a resident of Jacksonville, Texas.

8. **Maria Delrosario Padron a/k/a "Chayo"** was a resident of Jacksonville, Texas.

9. None of the defendants were eligible for SNAP benefits.

10. Monica Bunch a/k/a Monica Hernandez was a resident of Bullard, Texas. She was formerly a clerk with the Texas Health and Human Services Commission in Jacksonville, Texas.

## COUNT 1

<u>Violation</u>: 18 U.S.C. § 371
(Conspiracy to Unlawfully Use,
Transfer, Acquire, and Possess
SNAP Benefits)

1. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2. From in or around July 2008, and continuing through in or around August 2012, the exact dates being unknown to the Grand Jury, in the Eastern District of Texas, and elsewhere, the defendants, **Ernest Grady, Evelyn Whitaker, Genoveve Servin, Maria Silva,** and **Maria Delrosario Padron a/k/a "Chayo"**, along with Monica Bunch a/k/a Monica Hernandez and others both known and unknown, did knowingly and willfully combine, conspire, confederate, and agree to commit offenses against the United States, that is, to knowingly use, transfer, acquire, and possess benefits in a manner contrary to Title 7, United States Code, Chapter 51, and the regulations issued pursuant to Title 7, United States Code, Chapter 51, when such benefits were of a value of $5,000 or more, in violation of 7 U.S.C. § 2024(b)(1).

## Purpose of the Conspiracy

3. It was the general purpose of the conspiracy for the defendants and their co-conspirators to unlawfully acquire, transfer, possess, and use SNAP Lone Star cards in a manner contrary to Title 7, United States Code, Chapter 51.

## Manner and Means of the Conspiracy

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4. To achieve the goals of the conspiracy, the defendants and their co-conspirators devised and carried out a scheme to unlawfully obtain SNAP benefits. In her position as clerk at HHSC, co-conspirator Monica Bunch a/k/a Monica Hernandez (Bunch) identified dormant SNAP accounts belonging to individuals who did not live in

or around Jacksonville, Texas or who had moved away from the Jacksonville, Texas area. Using the dormant accounts, Bunch created replacement Lone Star cards and forged and created documents to conceal the unlawful creation of the cards. Bunch sold the cards to the defendants at approximately half of the card's actual SNAP benefit value. Bunch provided the defendants with the PIN numbers associated with the cards. The defendants used the cards to purchase food from retailers in and around the Jacksonville, Texas area and the Tyler, Texas area.

## Overt Acts in Furtherance of the Conspiracy

In furtherance of the conspiracy and to effect the objects thereof, the defendants or their co-conspirators committed or caused to be committed at least one of the following overt acts within the Eastern District of Texas:

5. From in or around July 2008, through in or around August 2012, Bunch utilized the HHSC computer records system and identified dormant SNAP accounts.

6. From in or around July 2008, through in or around August 2012, Bunch created replacement Lone Star cards and forged and created documents to conceal the unlawful creation of the Lone Star cards.

7. In or around July 2010, Ernest **Grady (Grady)** purchased one or more Lone Star cards from Bunch and used the Lone Star card at Wal-Mart in Jacksonville, Texas.

8. In or around May 2012, **Grady** contacted Bunch in order to purchase Lone Star cards.

9. In or around May 2012, **Grady** purchased Lone Star cards from Bunch. Bunch also provided him with the PINs associated with the cards.

10. In or around May 2012, **Grady** gave one Lone Star card he had purchased from Bunch to **Evelyn Whitaker (Whitaker)**.

11. In or around May 2012, **Whitaker** used the Lone Star card she obtained from Grady to purchase groceries from Sam's Club and Wal-Mart for her horseback riding club.

12. In or around May 2012, through in or around June 2012, **Whitaker** used the Lone Star card at Sav-A-Lot, Super Gallo Mercado, Super 1 Foods, and Dollar General stores.

13. On numerous occasions, **Genoveve Servin (Servin)** purchased Lone Star cards from Bunch. Bunch also provided her with the PINs associated with the cards.

14. In or around May 2012, **Servin** used one of the Lone Star cards to purchase groceries from Wal-Mart.

15. On numerous occasions, **Maria Silva (Silva)** purchased Lone Star cards from Bunch. Bunch also provided her with the PINs associated with the cards.

16. In or around April 2012, through in or around June 2012, **Silva** used two of the Lone Star cards to purchase groceries from Super Gallo Mercado and other local stores.

17. On numerous occasions, **Maria Delrosario Padron a/k/a "Chayo" (Padron)** purchased Lone Star cards from Bunch. Bunch also provided her with the PINs associated with the cards.

18. On numerous occasions, **Silva** gave the Lone Star cards which she obtained from Bunch to **Padron**.

All in violation of 18 U.S.C. § 371.

## COUNTS 2-5

Violation: 7 U.S.C. § 2024(b)(1)
and 18 U.S.C. § 2
(Unlawful Use, Transfer,
Acquisition, and Possession of
SNAP Benefits)

1. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2. On or about the dates specified as to each count below, in the Eastern District of Texas, the named defendants, did knowingly use, transfer, acquire, and possess benefits in a manner contrary to Title 7, United States Code, Chapter 51, and the regulations issued pursuant to Title 7, United States Code, Chapter 51, when such benefits were of a value of $100 or more, but less than $5,000:

| Count | Defendant | SNAP Recipient | Dates of Use | Total Value of Transactions |
|---|---|---|---|---|
| 2 | Maria Silva | G.J. | 5/11/12-6/19/12 | $865.55 |
| 3 | Maria Silva | J.E. | 4/02/12-6/26/12 | $1,902.00 |
| 4 | Genoveve Servin | C.B. | 5/04/12-5/18/12 | $566.84 |
| 5 | Ernest Grady and Evelyn Whitaker | H.T. | 5/18/12-6/15/12 | $1,462.87 |

All in violation of 7 U.S.C. § 2024(b)(1) and 18 U.S.C. § 2.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
### Pursuant to 7 U.S.C. § 2024(f)

1. The allegations contained in Counts 1 through 5 of this indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest.

2. Upon conviction of any violation of 18 U.S.C. § 371 or 7 U.S.C. 2024(b)(1), the defendants shall forfeit to the United States all property, real and personal, used in a transaction or attempted transaction, to commit, or to facilitate the commission of, a violation of subsection (b) of section 2024, or proceeds traceable to a violation of subsection (b) of section 2024, pursuant to 7 U.S.C. § 2024(f).

3. The property which is subject to forfeiture, includes but is not limited to the following:

    A money judgment in the amount of $72,846.09, which represents proceeds of the fraud.

4. Pursuant to 21 U.S.C. § 853(p), as incorporated by reference by 28 U.S.C. § 2461(c), if any of the forfeitable property, or any portion thereof, as a result of any act or omission of the defendants:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred, or sold to, or deposited with a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendants up to the value of the above-described forfeitable properties, including, but not limited to, any identifiable property in the name of **Ernest Grady, Evelyn Whitaker, Genoveve Servin, Maria Silva,** and **Maria Delrosario Padron a/k/a "Chayo"**.

6. By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendants have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 7 U.S.C. § 2024(f).

All pursuant to 7 U.S.C. § 2024(f), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461, and the procedures set forth at 21 U.S.C. § 853, as made applicable through 28 U.S.C. § 2461.

A TRUE BILL

DGR
_____
GRAND JURY FOREPERSON

7-24-13
_____
Date

JOHN M. BALES
UNITED STATES ATTORNEY

_____
NATHANIEL C. KUMMERFELD
ASSISTANT UNITED STATES ATTORNEY

Indictment – Page 8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | NO. 6:13CR__ |
| ERNEST GRADY (1), | § | |
| EVELYN WHITAKER (2), | § | |
| GENOVEVE SERVIN (3), | § | |
| MARIA SILVA (4), and | § | |
| MARIA DELROSARIO PADRON | § | |
| a/k/a "CHAYO" (5) | § | |

## **NOTICE OF PENALTY**

### **COUNT 1**

VIOLATION: Title 18, United States Code, Section 371
Conspiracy to Unlawfully Use, Transfer, Acquire, and Possess SNAP Benefits

PENALTY: Imprisonment of not more than five years and a fine of $250,000 to be followed by not more than three (3) years supervised release.

SPECIAL ASSESSMENT: $100.00 each count

### **COUNTS 2-5**

VIOLATION: Title 7, United States Code, Section 2024(b)(1)
Unlawful Use, Transfer, Acquisition, and Possession of SNAP Benefits

PENALTY: Imprisonment of not more than five years and a fine of $250,000 to be followed by not more than three (3) years supervised release.

SPECIAL ASSESSMENT: $100.00 each count

Indictment – Page 9